# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| ABNER SMITH, : | |
|     Plaintiff, : | |
| : | |
|     v. : | CASE NO.: 7:23-CV-21-WLS |
| : | |
| MUTUAL OF OMAHA : | |
| INSURANCE COMPANY : | |
|     Defendant. : | |
| _____ : | |

## ORDER

Presently before the Court are Plaintiff Smith's Motion to Appear Telephonically or via Zoom at the September 19, 2023, Scheduling Conference (Doc. 7), Plaintiff's Amended Motion to Appear Telephonically or via Zoom (Doc. 9), and Defendant's Response/Motion to Appear Telephonically or via Zoom (Doc. 8). Plaintiff's Counsel requests that the Court permit Plaintiff's Counsel to appear telephonically or via Zoom for the initial discovery conference because he has five (5) possible jury trials scheduled for the week of September 18th and because he has five (5) pre-trial conferences and a probate hearing on September 19th. (*Id.*) The next day, Defense Counsel also filed a Motion to Appear Telephonically or via Zoom (Doc. 8), requesting that if the Court grants Plaintiff's Motion (Doc. 7), then the Court also permit Defense Counsel to attend the conference telephonically or via Zoom. (*Id.*) In the alternative, if in-person attendance is required, Defense Counsel requests for an earlier time due to "round trip travel between Atlanta and Albany." (*Id.*)

    For the reasons that follow, Plaintiff's Motion to Appear Telephonically or via Zoom (Doc. 7), Plaintiff's Amended Motion to Appear Telephonically and via Zoom (Doc. 9), and Defendant's Response/Motion to Appear Telephonically or via Zoom (Doc. 8) are both **DENIED**.

After extensive review and consideration of the importance and critical role discovery plays in civil litigation, it has long been the Court's practice to require in-person attendance of Lead Counsel at the initial discovery conference except in exceptional circumstance. One such

exceptional circumstance was the Court's recent COVID-19 Pandemic Moratorium. Rather than being an unnecessary expense, an in-person meeting with the Court and opposing counsel at an early stage of proceedings is in fact likely to result in entirely a more efficient and cooperative discovery process favorably and beneficially for the Parties and, thereby, the reduction of overall discovery expenses.

Here, the Parties were previously noticed that in person attendance is required at the initial discovery conference, in this Court's Rule 16/26 Order. (Doc. 6). Pursuant to that Order, requests for telephonic conference would be considered upon a "timely written motion in exceptional circumstances only." (*Id.*) The captioned case was filed in this District and division notwithstanding Counsel's geographical distance from the Court. Surely this fact was known to all Counsel prior to entering their notice of appearance. Accordingly, no exceptional circumstances have been shown which persuade the Court to depart from its longstanding position, and the Court finds no superior benefit from allowing Counsel to attend telephonically for the reasons Counsel provides.

Due to exiting conflicts for Plaintiff's Counsel, however, Counsel shall confer regarding an appropriate rescheduling and then file a written response or notice to the Court as to the availability of both Counsel to meet in person for the initial discovery conference within **seven (7) days of entry of this Order**. Accordingly, the Plaintiff's Motion to Appear Telephonically or via Zoom (Doc. 7), Plaintiff's Amended Motion to Appear Telephonically and via Zoom (Doc. 9), and Defense Counsel's Response/Motion to Appear Telephonically or via Zoom (Doc. 8) are both **DENIED**.[1] It is hereby **ORDERED** that the initial discovery or scheduling conference for the above-styled matter set for September 19, 2023, is **CANCELED** and will be rescheduled following conference by Counsel and receipt of their written response within **seven (7) days of entry of this Order**.

**SO ORDERED**, this __13th__ day of September, 2023.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] The Court notes that it freely grants motions for telephonic discovery proceedings following the in-person initial discovery conference.